UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ROSS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CHEVRON U.S.A. INC., et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-04086-KAW<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING; VACATING MOTION HEARING; CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 38 |

　　　　Pending before the Court is Defendant Sonangol Sambizanga Ltd.'s ("Sonangol Ltd.") motion to dismiss for lack of personal jurisdiction. (Def.'s Mot. to Dismiss at. No. 38.) Plaintiff, a Maine resident, alleges that he was injured while serving as a seaman and crew member on Defendant's Tanker. (FAC ¶¶ 10, 26-27, Dkt. No. 30.) Defendant Sonangol Sambizanga, in turn, is a Bahamas company whose Tanker operates between Africa and India; it does not call at any United States port, and it appears Plaintiff's injury occurred while the Tanker was near India. (Def.'s Mot. to Dismiss at 2; de Almeida Decl. ¶¶ 3, 5, Dkt. No. 38-2; FAC ¶ 31.)

　　　　Having reviewed the parties' filings, the Court requires supplemental briefing. Plaintiff argues that the Court has specific jurisdiction over Defendant Sonangol Ltd. based on purposeful direction. (Pl.'s Opp'n at 5, Dkt. No. 41.) Specifically, Plaintiff asserts Defendant Sonangol Ltd. "purposefully directed its actions into California by entering into agreements/contracts with Defendant Chevron U.S.A., Inc., and third-party ALSS, both located in California, forming a joint venture for the ocean transport of liquified natural gas, and that the Plaintiff, who was employed by both entities as Master of the [Tanker], became catastrophically injured while engaged in this joint venture." (*Id.*) Plaintiff, however, does not appear to cite any authority that such agreements/contracts would be sufficient to establish specific jurisdiction.

It is not clear that specific jurisdiction can be established based on contracts between a foreign company and California companies, particularly when the performance of that contract occurred outside of the United States. As the Supreme Court has made clear, the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, *not* the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (emphasis added). Moreover, "[a] contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). Rather, the contract must "envision[] continuing wide-reaching contacts in the forum State, or . . . exploit a market in the forum State." *Walden*, 571 U.S. at 285.

Accordingly, the Court ORDERS Plaintiff to file a supplemental brief as to this issue. In his supplemental brief, Plaintiff shall address the above authority, as well as *Willis v. Princess Cruise Lines*, No. 2:19-cv-06278-SVW-FFM, 2020 U.S. Dist. LEXIS 166945 (C.D. Cal. May 29, 2020). Plaintiff's supplemental brief shall be filed within **two weeks** of the date of this order and shall be no more than ten pages. Defendant Sonangol Ltd. shall file a response within **one week** of Plaintiff's response, which shall be no more than ten pages.

The Court VACATES the April 7, 2022 hearing. The Court will set a motion hearing if it deems one necessary after reviewing the supplemental briefs.

The Court CONTINUES the April 12, 2022 case management conference to **June 14, 2022** at **1:30 p.m.** The joint case management conference statement shall be filed by June 7, 2022.

IT IS SO ORDERED.

Dated: April 1, 2022

KANDIS A. WESTMORE
United States Magistrate Judge